NATHAN MARDIS *v.* HEIRS OF S. A. MARDIS.

When an executrix caused certain property to be inventoried and sold as belonging to the succession she was administering—*Held:* that the heirs of the executrix were estopped from denying that fact.

Purchasers in good faith will be protected by the order of court for the sale of the property against any claim on the part of the heirs of the executrix.

APPEAL from the District Court of Concordia, *Haralson,* J.

*Aroni' & Alexander,* for plaintiffs and appellants. *A. Snyder* and *Thos. P. Farrar,* for defendants.

BUCHANAN, J. The evidence proves, beyond all reasonable question, that *Sarah Ann Mardis,* otherwise called *Sally Lee,* was the concubine and not the wife of *William Mardis.* The testamentary dispositions of *William Mardis* in favor of said *Sarah,* are therefore void, under Article 1468 of the Civil Code. Indeed, the judgment of the District Court pronounces the nullity of this portion of the will of *William Mardis:* and the defendants have neither appealed from that judgment, nor have they asked for any amendment of it in this court. The argument which has been addressed to us by the counsel of the defendants, upon this part of the case, may therefore be left out of view : and it must be assumed, as a point of departure, in deciding upon the rights of these parties upon this appeal, that the defendants have no rights or claims under the will of *William Mardis.*

The verdict of the jury charges plaintiffs with one-half of the appraised value of the Fairview plantation, comprised in *William Mardis's* inventory, and purchased by *Sarah Mardis,* at the probate sale. This is erroneous. *Sarah Mardis,* as executrix, caused this plantation to be inventoried and sold, as belonging to *William Mardis's* estate. Her heirs are estopped from denying that fact.

The verdict also allows to defendants, upon their demand in reconvention, seven thousand, two hundred and nineteen dollars, for hire of certain slaves (eighteen in number,) which the verdict declares to have been the property of *Sarah Mardis,* and for the rent of one-half the Fairview plantation. We have found no authority for this allowance in the evidence. In relation to the land, we have already observed, that it was admitted by *Sarah Mardis* to have belonged to *William Mardis.* And in relation to the negroes, which are mentioned in the verdict, if it be admitted, for the sake of argument, that they really belonged to *Sarah Mardis,* yet there are acts of said *Sarah* in the record which are conclusive against any claim on the part of her heirs, against the representatives of *William Mardis,* for the hire of said negroes, during *William Mardis's* lifetime. In the final account of administration, filed by *Sarah Mardis,* as executrix of *William Mardis's* last will, she made a list of all the debts due by the estate of said *Mardis,* and exhibited a balance in favor of said estate, after discharging all the debts. In this list, there is no such charge as that for the hire of the negroes, which were subsequently inventoried as belonging to the succession of *Sarah Mardis,* and which are declared by the verdict to have belonged to her.

The question of the title in those negroes will be examined by us in recapitulating the grounds of plaintiffs' action, several of which have not been noticed by the jury in their special verdict.

Plaintiffs, as next of kin and heirs at law of *William Mardis,* claim of the heirs of *Sarah Mardis* three slaves which were inventoried as property of *William*

*Mardis*, and which she bought in at the probate sale; also twenty-six other slaves which *Sarah Mardis* did not put on the inventory of *William Mardis*, but claimed as her own, and which slaves were put on her inventory after her death, and are now in the possession of her heirs.

Plaintiffs have also cited, as defendants, four other parties, viz: *Holtree, Sargeant, McAllister*, and the executors of *King*, who are in possession of land and slaves purchased at the probate sale of the succession of *William Mardis*; and from whom they claim the said land and slaves. And plaintiffs pray, in the alternative, for judgment against the heirs of *Sarah Mardis* for $17,325, amount of the sales of *William Mardis's* estate.

The jury have passed upon the title of eighteen out of the twenty-six slaves, inventoried as belonging to the succession of *Sarah Mardis;* but have neglected to pass upon the title of the other eight slaves comprised in said inventory; and have also been silent in relation to the three slaves, *Henry, Charles* and *John*, purchased by *Sarah Mardis* at the probate sale of *William Mardis*.

The verdict is also silent in relation to the claims of plaintiffs against the defendants *Holtree, Sargeant, McAllister*, and the executors of *King*.

All the defendants acknowledge themselves to be in possession of the property claimed of them respectively.

As regards *Holtree, Sargeant, McAllister* and the executors of *King*, we consider them protected by the order of court for the sale of the slaves and land, formerly belonging to the estate of *William Mardis*, and of which they are respectively in possession, as set forth in the petition. Their good faith is not impugned.

As to the heirs of *Sarah Mardis* the case is different.

Being the concubine of *William Mardis*, she was without capacity to inherit, and did not come within the statute of 1840 (page 123,) which allows an executrix, who is a surviving partner in community or heir, to purchase at the sale of the effects of the estate which she administers.

This disposes of the three slaves, *Charles, Henry* and *John P.*, purchased by *Sarah Mardis* at the probate sale, and now held by her heirs.

As to the twenty-six slaves which were inventoried as the property of *Sarah Ann Mardis*, we think the burden of proof was on the heirs of the said *Sarah*, to show title in her.

All of those slaves, as well as an equal number inventoried under her dictation as executrix, as property of *William Mardis*, were employed in the cultivation of the plantation of *William Mardis*, during his lifetime. They are, therefore, to be taken as having belonged to *William Mardis*, unless the contrary is shown by legal evidence. *Sarah Mardis*, or *Lee*, survived *William Mardis* about three years. She bought in the plantation at probate sale, as we have seen, and continued to cultivate the place until her death, with those slaves, which she had not included in *William Mardis's* inventory, added to those which were so included, and which she had purchased at probate sale, as above mentioned. We find in the record proof of title in *Sarah Mardis* to the following negroes inventoried as her property, viz:

1. Louisa, or Lucy. 2 and 3. Eveline and Charlotte, children of Lucy. 4. Susan, or Sukey. 5 and 6. Polly and Nancy, children of Sukey. 7. Clarence, grandchild of Sukey. 8. Minerva, or Menervy. 9. Francis, or Frank. 10, 11 and 12. Ophelia, Kitty, and Jefferson, children of Rose, who is dead. 13, Charlotte.

MARDIS
v.
MARDIS.

The remaining slaves comprised in *Sarah Mardis's* inventory, thirteen in number, and named respectively : Henry, Pamelia, George, Charles, Barhaby, Mortimer, Thérése, Minerva, Orleans, Elizabeth, Louisiana, Ben and John, are considered by us as belonging to the estate of *William Mardis.*

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed ; and proceeding to give such judgment as should have been given by the court below, it is decreed, that the plaintiffs recover of the defendants *Elizabeth M. Goldman,* administratrix of *George W. Goldman,* deceased, and of *Ann L. Elliott,* wife of *Claudius W. Elliott,* heirs of *Sarah Ann Mardis,* deceased, jointly, six thousand dollars, being the proceeds of the land belonging to the late *William Mardis,* sold at probate sale of his effects, with interest from amicable demand until paid. Also the following named slaves, comprised in *William Mardis's* inventory : Henry, Charles, and John P. Also the following named slaves, included in *Sarah Mardis's* inventory : Henry, Pamelia, George, Charles, Barhaby, Mortimer, Thérése, Minerva, Orleans, Elizabeth, Louisiana, Ben, and John. That as to the defendants *Holtree, Sargeant, McAllister,* and the executors of *King,* the demand of plaintiffs be rejected ; and that the defendants *Goldman,* administratrix, and *Elliott,* pay costs in both courts.

MERRICK, C. J. Although not fully satisfied with all the points ruled on the evidence in this case, I am not prepared to dissent. Perhaps, were my own views to be adopted, the general result (so far as the rights of the heirs are concerned) would not be materially different.